# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2024

Lyle W. Cayce
Clerk

_____

No. 23-60389

_____

John Doe #1; Jane Doe #1; Jane Doe #2; Jane Doe Minor #1, *By and Through Her Father* and Next Friend John Doe *#1*; John Doe Minor #2, *By and Through His Father* and Next Friend John Doe *#1*; John Doe Minor #3, *By and Through His Father* and Next Friend John Doe *#1*; John Doe Minor #4, *By and Through His Mother* and Next Friend Jane Doe *#2*; John Doe Minor #5, *By and Through His Uncle and Next Friend John Doe #1*,

*Plaintiffs—Appellants*,

*versus*

Marriott International, Incorporated; Brookfield Hospitality Properties, L.L.C.; Island Hotel Company Limited; Atlantis Resort Spe Limited; John Does 1-5; John Doe Entities 1-5,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-468

_____

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

No. 23-60389

Per Curiam:[*]

Plaintiffs are John Doe #1, and other Plaintiffs who appear to be his wife (Jane Doe #1) and children, and other family members or friends and relatives who traveled with him to the Bahamas. Plaintiffs filed claims against Defendants Marriott International, Inc., Brookfield Hospitality Properties, LLC, Island Hotel Company Limited, Atlantis Resort SPE Limited (together "Defendants"), and one Verlon Williams ("Williams")[1] in relation to an incident that happened in the Bahamas at the Atlantis Resort. On June 17, 2021, Plaintiffs were staying at the Atlantis Resort when that morning, an unknown assailant came onto the property and used the master key card to enter the room occupied by John Doe #1 and Jane Doe #1. A fight ensued in the hotel room and continued outside into the common areas of the resort. John Doe #1 was eventually able to subdue the assailant and turn him over to the Defendants for processing. John Doe #1 alleged that he, along with all the other Plaintiffs, suffered injuries.

On June 17, 2022, Plaintiffs filed their Complaint in Mississippi state court. Marriott filed a Notice of Removal to the United States District Court for the Southern District of Mississippi. The district court denied both the Plaintiffs' and Williams' Motions to Remand. The court found that Williams was improperly joined and dismissed Williams from the Complaint and retained jurisdiction.

On September 8, 2022, Plaintiffs filed an Amended Complaint, which the Defendants moved to strike under Federal Rule of Civil Procedure 15(a)(2). The district court granted the Motion to Strike, finding that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Plaintiffs state they misnamed "Verlon" as "Velmon" in the Complaint.

No. 23-60389

Plaintiffs failed to comply with Rule 15 as the Amended Complaint was filed seventy-one days after service and without leave of court.

Defendants then filed a Motion to Dismiss arguing that Atlantis' Forum Selection Clause ("FSC") mandated the case be brought in the Bahamas. Plaintiffs filed a Motion for Discovery to assess the mandatory nature of the FSC. Finding that the FSC was mandatory and applicable to all Plaintiffs through the closely related doctrine, the district court granted the Defendants Motion to Dismiss and denied Plaintiffs' Motion for Discovery. Plaintiffs appealed.

This court has considered this appeal on the basis of the briefs and pertinent portions of the record. Having done so, the judgment is affirmed for the reasons stated in the district court's detailed order dismissing Plaintiffs' Complaint. The district court did not err in granting Defendants' Motion to Dismiss without prejudice. We AFFIRM.